IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JENNIFER C. D.,[1]
    Plaintiff,

v.                                        Civil Action No. 3:21cv280

KILOLO KIJAKAZI,[2]
    Acting Commissioner of Social Security.

## OPINION

Jennifer C. D., the plaintiff, challenges the Social Security Administration ("SSA") Commissioner's final decision denying her claim for disability insurance benefits. On August 3, 2022, the Magistrate Judge issued a Report and Recommendation ("R&R") on the parties' cross-motions for summary judgment. (ECF No. 22.) The R&R recommended that the Court (1) deny the plaintiff's motion for summary judgment; (2) grant the Commissioner's motion for summary judgment; and (3) affirm the final decision of the Commissioner. The plaintiff objects to the R&R on two grounds. First, she argues that the Administrative Law Judge ("ALJ") failed to consider and cite any evidence of the plaintiff's subjective feelings of pain when he considered—and ultimately discredited—Dr. McBride's and Dr. Barrett's opinions. (ECF No. 23, at 2.) Thus, the plaintiff asserts that the R&R "failed to properly consider whether the ALJ's conclusion was based upon a correct application of the relevant law." (*Id.* at 3.) Second, the plaintiff contends that the R&R did not assess the ALJ's "fail[ure] to address the consistency of

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States recommends that, due to significant privacy concerns in social security cases, federal courts refer to a claimant only by their first name and last initial.

[2] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Acting Commissioner Kijakazi as the defendant in this suit.

1

Dr. Shamsi's opinion with that of PA-C Woof." (*Id.* at 4–5.) The plaintiff ultimately argues that the R&R "pick[s] and choos[es] only evidence which supports the ALJ's conclusion," just as the ALJ had done. (*Id.* at 5.)

When conducting a *de novo* review, a district court "will affirm the Social Security Administration's disability determination 'when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence.'" *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015) (quoting *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012)).

The Court has reviewed the record and found no error. Accordingly, the Court will adopt the R&R and overrule the plaintiff's objections.

## I. <u>BACKGROUND</u>

SSA initially denied the plaintiff's claim for disability benefits and again denied her request upon reconsideration. The plaintiff then filed a written request for a hearing before an ALJ. After the hearing, the ALJ issued a written opinion denying the plaintiff's claim. The ALJ concluded that the plaintiff was not disabled because she could perform work that existed in significant numbers in the national economy. The SSA Appeals Council denied the plaintiff's request for review, rendering the ALJ's decision the final decision of the SSA Commissioner, subject to this Court's review.

On April 27, 2021, the plaintiff filed a complaint in this Court, appealing the Commissioner's decision pursuant to 42 U.S.C. § 405(g). The Court referred the matter to a Magistrate Judge for an R&R pursuant to 28 U.S.C. § 636(b)(1)(B), and the parties filed cross-motions for summary judgment. Upon review, the Magistrate Judge recommended that the Court (1) deny the plaintiff's motion for summary judgment; (2) grant the Commissioner's

motion for summary judgment; and (3) affirm the final decision of the Commissioner. (ECF No. 22.) On August 18, 2022, the plaintiff filed objections to the R&R. (ECF No. 23.) On August 29, 2022, the Commissioner responded to the plaintiff's objections. (ECF No. 24.)

## II. DISCUSSION

This Court reviews *de novo* any part of the R&R to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The Court "may accept, reject, or modify, in whole or in part," the Magistrate Judge's recommended disposition. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). A court "will affirm the Social Security Administration's disability determination 'when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence.'" *Mascio*, 780 F.3d at 634 (quoting *Bird*, 699 F.3d at 340)); *see also Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (clarifying that the question is not whether the claimant is disabled, but whether substantial evidence supports the ALJ's finding of no disability).

Substantial evidence exists to support a finding when there is "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (quoting *Craig*, 76 F.3d at 589). In other words, substantial evidence requires more than a scintilla, but less than a preponderance of the evidence. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (citing *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. *Johnson*, 434 F.3d at 653. The Court may not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Id.* (second alteration in original).

The plaintiff objects to the R&R on two grounds. First, she argues that the ALJ erred in relying on "irrelevant objective examination findings" to discredit her doctors' opinions. (ECF No. 23, at 2.) She asserts that the Magistrate Judge did not address the ALJ's failure to cite objective medical evidence in his review of Dr. McBride's and Dr. Barrett's opinions. Second, she contends that the ALJ "improperly focused on [Dr. Shamsi's] select benign findings," and the Magistrate Judge "gloss[ed] over this error by simply concluding that the ALJ's reference to only the benign examination findings constituted a sufficient explanation for dismissing Dr. Shamsi's opinion. (*Id.* at 3–4.) The Court addresses each objection in turn.

### A. Substantial Evidence Supports the ALJ's Finding that Evidence Did Not Support and Was Not Consistent with Dr. McBride's and Dr. Barrett's Opinions

First, the plaintiff argues that, "[a]s [she] contended in her opening Brief," legal error "plagued" the ALJ's "discussion of the supportability and consistency factors." (*Id.* at 1–2.) The plaintiff asserts that the ALJ erred in relying upon "irrelevant objective examination findings depicting normal gait, range of motion, sensation and grip strength to discredit [Dr. McBride's and Dr. Barrett's] opinions."[3] (ECF No. 23, at 2 (citing *Arakas*, 983 F.3d at 95).) She further contends that the ALJ "fail[ed] to identify and discuss other evidence" consistent with Dr. McBride's and Dr. Barrett's opinions.[4] (ECF No. 23, at 2 (discussing the findings of Dr. Chen and Alliance Medical Group).) The plaintiff also asserts that the Magistrate Judge did not address the ALJ's failure to cite "objective medical evidence in his evaluation of [the plaintiff's]

---

[3] (*Cf.* ECF No. 19, at 14 ("The ALJ's recitation of normal findings with respect to gait, range of motion, sensation, grip and extremity strength" served as an improper "basis for discrediting the opinions of [Dr. McBride and Dr. Barrettt]." (citing *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020)).)

[4] (*Cf.* ECF No. 19, at 16 ("The ALJ failed to identify . . . probative evidence [from Dr. Chen and Alliance Medical Group], and offered no discussion of how this evidence detracted from her conclusion.").

4

subjective complaints of pain" when he assessed the opinions of Dr. McBride and Dr. Barrett. (*Id.* (quoting ECF No. 22, at 12).)

This final contention—that both the ALJ and the R&R failed to account for evidence regarding the plaintiff's subjective pain in discounting the opinions of Dr. McBride and Dr. Barrett—appears to be the only argument that requires *de novo* review. *See Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) ("[A] mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review."); *supra* notes 3–4 and accompanying text. Thus, the Court finds *de novo* review of the plaintiff's other arguments unnecessary and reviews the R&R with respect to them only for clear error. *See Lee v. Saul*, No. 2:18cv214, 2019 WL 3557876, at *1 (E.D. Va. Aug. 5, 2019). Having reviewed the record, and finding no error with respect to the Magistrate Judge's findings, the Court will proceed in conducting a *de novo* review of the plaintiff's argument that the ALJ erred because he "did not cite. . . evidence [of other treatment notes, an adult function report, and the plaintiff's hearing testimony] in his evaluation of Dr. McBride's and Dr. Barrett's opinions." (ECF No. 23, at 2.)

*1. Legal Standard*

Because the plaintiff filed her application on January 26, 2018, 20 C.F.R. §§ 404.1520c, 416.920c govern how the ALJ should have considered Dr. McBride's and Dr. Barrett's medical opinions.[5] In making a residual functional capacity assessment, the ALJ must assess every medical opinion in evidence, and he "will not defer or give any specific evidentiary weight, including controlling weight to any medical opinion(s) or prior administrative medical

---

[5] 20 C.F.R. §§ 404.1520c, 416.920c apply to claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017)).

finding(s)." 20 C.F.R. §§ 404.1520c(a), 416.920c(a) (2021). Rather, an ALJ must determine and explain whether he finds a given medical opinion persuasive. *See* 20 C.F.R. §§ 404.1520c(b), (c)(1)–(5), 416.920c(b), (c)(1)–(5). The regulations explain that "it is not administratively feasible for [an ALJ] to articulate in each determination or decision how [he] considered all of the factors for all of the medical opinions and prior administrative medical findings in [a claimant's] case record." 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).

Instead, because the "[m]ost important factors" to determine the persuasiveness of an opinion are supportability and consistency, an ALJ will explain how he considers those two factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). "Supportability" means "[t]he extent to which a medical source's opinion is supported by relevant objective medical evidence and the source's supporting explanation." Revision to Rules, 82 Fed. Reg. at 5853; *see* 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1) (2021). "Consistency" means "the extent to which the opinion is consistent with the evidence from other medical sources and nonmedical sources in the claim." Revisions to Rules, 82 Fed. Reg. at 5853; see *also* 20 C.F.R. §§ 404.1520c(c)(2), 416.920(c)(2) (2021).

Importantly, an ALJ "may, but [is] not required to, explain how [he] considered [other factors] . . . when [he] articulate[s] how [he] consider[s] medical opinions." 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). And the ALJ need not refer to every piece of evidence he considered in making his conclusions. *See Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) ("While the Commissioner's decision must . . .'set[] forth a discussion of the evidence, and stat[e] the Commissioner's determination and the reason or reasons upon which it is based,' 42 U.S.C. § 405(b)(1), 'there is no rigid requirement that the ALJ specifically refer to every

piece of evidence in his decision. . . .'" (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005)).

Thus, in reviewing the ALJ's decision, the Court finds that he correctly applied the law in concluding that Dr. McBride's and Dr. Barrett's opinions were not persuasive. Moreover, as discussed below, the Court finds that substantial evidence supports the ALJ's conclusions.

*2. Dr. McBride's Opinion*

Dr. McBride opined that the plaintiff's pain would frequently interfere with her ability to concentrate and would require unscheduled breaks during an eight-hour day. (R. at 1188–90.) Because Dr. McBride left "much of the opinion form . . . blank or labeled as unknown without any citation to objective evidence or elucidation of the assessed limitations," the ALJ found that the opinion was "not well supported." (R. at 18–19.) Pursuant to the regulations, an opinion's "[s]upportability" hinges on its relationship to the opinion's "supporting explanations" and "objective medical evidence." *See* 20 CFR §§ 416.920c(c)(1), 416.920(c)(1). Dr. McBride's Medical Source Statement provided limited analysis; it detailed the plaintiff's subjective statements of pain, "lower extremity edema," and "normal x[-]rays." (*Id.* at 1186.) In addition, Dr. McBride explained that she was "not qualified [or] able" to determine whether the plaintiff could tolerate work stress, and she either wrote "unknown" or left much of the form blank. (*See id.* at 1186–93.) Thus, the ALJ correctly concluded that Dr. McBride's opinion was not well supported. *See* 20 C.F.R. §§ 404.1520c(c)(1), 416.920(c)(1).

The ALJ also concluded that Dr. McBride's opinion was "inconsistent with the record showing normal [objective medical findings]." (R. at 19.) Pursuant to the regulations, an ALJ determines an opinion's consistency by assessing whether it is consistent "with the evidence from other medical sources and nonmedical sources." 20 C.F.R. §§ 404.1520c(c)(2),

7

416.920c(c)(2). Here, Dr. McBride's opinion was largely inconsistent with the record's showing of "normal gait, normal range of motion, normal sensation, normal grip strength and normal extremity strength with no difficulty noted with making a fist," and the ALJ properly noted this inconsistency. (*See* R. at 19 (citing R. at 328–456, 597, 611–89, 794–95, 829–30, 864, 871, 882–917, 996–97, 1025–26, 1034, 1053–1108, 1115).) Thus, the ALJ correctly concluded that Dr. McBride's opinion was not consistent with the record. *See* 20 C.F.R. §§ 404.1520c(c)(2), 416.920(c)(2).

Although not required by the regulations, the ALJ further noted that Dr. McBride treated the claimant only from September 19, 2019, to October 22, 2019, before concluding that "the opinion lacks an informed analysis of the claimant's functioning throughout the relevant period." (R. at 19.) Indeed, Dr. McBride herself stated that she had "not cared for [the] patient through her entire course of disease," and therefore she could not determine the earliest onset date the plaintiff's symptoms and limitations. (*Id.* at 1118; *see* 20 C.F.R. §§ 404.1520c(c)(3)(i), 416.920c(c)(3)(i) ("The length of time a medical source has treated you may help demonstrate whether the medical source has a longitudinal understanding of your impairment(s).").

After reviewing the record, the Court finds that the Magistrate Judge applied the proper standard, and substantial evidence in the record supports the ALJ's conclusion that Dr. McBride's opinion was not persuasive.

### 3. Dr. Barrett's Opinion

Dr. Barrett opined that the plaintiff could not "sit[], stand[], lift[] [or] type[]" for prolonged periods. (R. at 601.) Because "Dr. Barrett [did] not sufficiently explain the opinion," the ALJ found that it was not well supported. (*Id.* at 19.) As discussed, when "objective medical evidence and [the medical provider's] supporting explanations" align with the medical provider's

opinion, the "[s]upportability" factor is more likely to be met. *See* § 416.920c(c)(1), 416.920(c)(1). Because Dr. Barrett provided little explanation for her conclusions, failed to identify symptoms beyond the plaintiff's "mild tenderness," and did not complete a function-by-function analysis, the ALJ did not err in finding that Dr. Barrett's opinion was not well supported. *See* 20 C.F.R. §§ 404.1520c(c)(1), 416.920(c)(1).

The ALJ also found that Dr. Barrett's—like Dr. McBride's—opinion was inconsistent with the record's overall showing of the plaintiff's "normal gait, normal range of motion, normal sensation, normal grip strength and normal extremity strength with no difficulty noted with making a fist," and the ALJ noted this inconsistency. (*See* R. at 19 (citing R. at 328–456, 597, 611–89, 794–95, 829–30, 864, 871, 882–917, 996–97, 1025–26, 1034, 1053–1108, 1115).) Thus, the ALJ correctly concluded that Dr. Barrett's opinion was not consistent with the record. *See* 20 C.F.R. §§ 404.1520c(c)(2), 416.920(c)(2).

After reviewing the record, the Court finds that the Magistrate Judge applied the proper standard, and substantial evidence in the record supports the ALJ's conclusion that Dr. Barrett's opinion was not persuasive.

### B. Substantial Evidence Supports the ALJ's Finding that Evidence Did Not Support and Was Not Consistent with Dr. Shamsi's Opinion

Second, the plaintiff contends that the ALJ erred by "pick[ing] and choos[ing] only the medical evidence that supports his position." (ECF No. 23, at 4 (citing *Hale v. Astrue*, No. 7:10cv279, 2011 WL 4715214, at *7 (W.D. Va. Oct. 5, 2011) (internal citations omitted)). Importantly, the plaintiff again reasserts an earlier argument and explains that "[t]he Magistrate Judge did little to address [the p]laintiff's arguments" and thus "commits the same error of

9

picking and choosing only evidence which supports the ALJ's conclusion."[6] (ECF No. 23, at 4–5). As discussed above, because the plaintiff made this same assertion in her motion for summary judgment, the Court finds review of her renewed argument unnecessary. *See Nichols*, 100 F. Supp. 3d at 497.

Nevertheless, the Court finds that the Magistrate Judge correctly concluded that substantial evidence supported the ALJ's determination that Dr. Shami's opinion was not persuasive. The Magistrate Judge explained: "[i]t is clear from a review of the medical record and Dr. Shamsi's report that the ALJ did not 'cherry-pick' the evidence to support his conclusion, but adequately evaluated Dr. Shamsi's assessed limitations alongside the medical record and the other medical opinion evidence." (ECF No. 22, at 20.) Upon review of the record, this Court agrees. Accordingly, the Court finds that substantial evidence supports the ALJ's finding that Dr. Shami's opinion was not persuasive.

### III. CONCLUSION

The Court will overrule the plaintiff's objections to the R&R, grant the Commissioner's motion for summary judgment, and deny the plaintiff's motion for summary judgment. Accordingly, the Court will adopt the Magistrate Judge's R&R.

An appropriate Order will accompany this Opinion.

Let the Clerk send a copy of this Opinion to all counsel of record.

/s/ 
John A. Gibney, Jr.
Senior United States District Judge

Date: 15 September 2022
Richmond, VA

---

[6] ECF No. 19, at 22 ("[T]he ALJ may not selectively pick and choose evidence that supports his conclusion, at the expense of other evidence which does not." (internal citations omitted).)